# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| DOROTHY SPEARS and LEROY SPEARS, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Case No. 3:25-cv-00426 |
| | ) | Judge Trauger |
| ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, et al., | ) ) ) ) | |
| Respondents. | ) ) | |

## MEMORANDUM AND ORDER

Petitioners Dorothy and Leroy Spears jointly filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. Nos. 1, 2) and paid the five-dollar habeas filing fee (Doc. No. 1-1). The Petition is before the court for preliminary review. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules"). Under Habeas Rule 4, the court is required to examine any habeas filing to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

It plainly appears that the petitioners are not entitled to relief under Section 2254. The petitioners seek the release of their grandchild and his half-brother from the custody of respondents (and foster parents) Jamie and Jason Reed, with whom the children reside on the orders of respondent St. Lawrence County (New York) Department of Social Services and the "New York State Courts." (Doc. No. 1 at 4, 5, 8.) The petitioners, as putative next friend to the minor children, ask this court to "reverse" the placement of the children with the Reeds as foster parents and award

"temporary custody" to the petitioners, "pending the [termination of parental rights] trial in New York State Court against the natural parents," the petitioners' son and his girlfriend. (Doc. No. 2 at 20, 21.) They claim that this outcome is in keeping with federal law, including the Family First Prevention Services Act.[1] (*Id.* at 21.)

Section 2254 grants limited permission to the federal courts "to issue the writ of habeas corpus to state prisoners," *DeBruyn v. Douglas*, 168 F.4th 913, 923 (6th Cir. 2026), that is, to people "in custody pursuant to the judgment of a State court … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas is an extraordinary remedy that is reserved for instances where "the federal interest in individual liberty is so strong that it outweighs" concerns over preserving the integrity of state judicial systems and the finality of state decisions. *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 516 (1982). Even if habeas corpus may arguably be an appropriate remedy in custodial contexts other than incarceration, "[a] federal court is not the proper forum for child custody proceedings, especially where State remedies are available." *Castorr v. Brundage*, 674 F.2d 531, 535 (6th Cir. 1982).

In *Castorr*, the Sixth Circuit "refuse[d] to accept jurisdiction" in circumstances similar to those before this court, joining "[t]he majority of the United States Courts of Appeals" in finding "the extraordinary writ to be inappropriate" for resolving child custody issues, for which deference "to state expertise in the field of domestic relations" is proper. *Id.* at 535–36; *see also Evans v. Hepworth*, 433 F. Supp. 3d 1171, 1180 (D. Idaho 2020) ("[T]here is perhaps no state administrative scheme in which federal court intrusions are less appropriate than domestic relations law.") (quoting *DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th Cir. 1987), and citing other circuit-court

---

[1] This statute's "purpose is to govern funding for States to prevent the placement of children into foster care, and to limit the use of group home placements, not to provide civil remedies for the actions of child welfare agencies." *Barlow-Johnson v. Ctr. for Youth & Fam. Sols.*, No. 22-CV-3214, 2023 WL 5826966, at *7 (C.D. Ill. Sept. 8, 2023).

cases). As stated by the Third Circuit, "[t]he 'custody' of a foster or adoptive parent over a child is simply not the type of custody that may be challenged through federal habeas." *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 648 F.2d 135, 142 (3d Cir. 1981). In affirming this Third Circuit decision, the U.S. Supreme Court rejected the same argument from English common law that the petitioners advance in this case (*see* Doc. No. 2 at 3–10), finding that, regardless of the fact that "habeas has been used in child-custody cases in England and in many of the States," its use in federal court to collaterally attack a state court's child-custody judgment is inappropriate. *Lehman*, 458 U.S. at 514–16. The petitioners' argument that the Supreme Court's binding decision in *Lehman* can somehow be avoided because it relies on a "legal fiction" (Doc. No. 2 at 12), is "specious" (*id.* at 14), and contains "misguided ruminations" (*id.* at 15) is entirely unavailing.

"The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890). Here, in addition to the prior state judgment awarding custody to the Reeds as foster parents, the State of New York will again (if it has not already) enter judgment applying its domestic-relations expertise, this time to finally determine the petitioners' son's fitness to parent the children whose custody is in dispute. Whether as a matter of federalism or simply territorial jurisdiction, this court is powerless to decide this habeas case filed by Tennessee-resident grandparents against the State of New York and New York-resident foster parents to challenge a state court custody order. *See*, *e.g.*, *Harris v. United States*, 148 F. Supp. 3d 1 (D.D.C. 2015) (finding that district courts may grant habeas writs only within their respective territorial jurisdictions) (citing 28 U.S.C. § 2241(a)); *York v. Virginia*, No. 7:12CV00019, 2012 WL 178357, at *1 & n.1 (W.D. Va. Jan. 23, 2012) (citing *Lehman* and dismissing habeas petition involving child custody for lack of jurisdiction; noting that dismissal would also be required if habeas petition

3

were construed as seeking relief under 42 U.S.C. § 1983, pursuant to *Rooker-Feldman* doctrine and *Younger* abstention doctrine); *see also Dunn v. Cone*, No. 20-5938, 2021 WL 3671143 (6th Cir. Mar. 2, 2021) (affirming dismissal on personal jurisdiction grounds, where suit was filed by Tennessee resident as next friend of minor child against out-of-state custodian who lacked a substantial connection to Tennessee).

For these reasons, the Petition is **DENIED**, and this case is **DISMISSED**.

Reasonable jurists would not debate the court's ruling that the Petition fails for lack of jurisdiction; accordingly, the court **DENIES** a certificate of appealability. Habeas Rule 11(a). For the same reason, the court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

4